801 F.2d 393
 RICO Bus.Disp.Guide 6375
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bobby G. AUSTELL; S. Harold Austell; Thomas B. Austell;
Doris N. Austell; Norman D. Blair; Daniel A. Blair; Leon
I. Chidester, Jr.; Shelby M. Freeman; Roger B. Kerns;
E.H. Lowder & Sons, Inc.; James C. McDuffie; Mary A.
Moss; John B. Pierce; Norma C. Pierce; Arnold W. Smith;
Dollie C. Smith; H. Kent Sowers; William L. Sowers; Ray
L. White; Lela F. White; Joseph M. Wright; Edward P.
Gillen; General Bonded Warehouses, Inc.; Charles T. Akre,
Jr.; Edwin P. Latimer; Kemp R. Dunaway, on behalf of
themselves & all others similarly situated, Plaintiff-Appellees,
v.
O. Bruton SMITH; Lone Star Ford, Inc.; Charles A. West;
Charlotte Motor Speedway, Inc., (the successor
Corp.); Defendants & Third-Party
Plaintiff-Appellants,
H.A. WHEELER, Jr.; T.E. Efird; Edwin D. Griffith; Ivan
Tufty, Defendants & Third-Party Plaintiffs,
v.
CHARLOTTE MOTOR SPEEDWAY, INC., (the merged corp.),
Third-Party Defendant.
Bobby G. AUSTELL; S. Harold Austell; Thomas B. Austell;
Doris N. Austell; Norman D. Blair; Daniel A. Blair; Leon
I. Chidester, Jr.; Shelby M. Freeman; Roger B. Kerns;
E.H. Lowder & Sons, Inc.; James D. McDuffie; Mary A.
Moss; John B. Pierce; Norma C. Pierce; Arnold W. Smith;
Dollie C. Smith; H. Kent Sowers; William L. Sowers; Ray
L. White; Lela F. White; Joseph M. Wright; Edward P.
Gillen; General Bonded Warehouses, Inc.; Charles T. Akre,
Jr.; Edwin P. Latimer; Kemp Dunaway, on behalf of
themselves & all others similarly situated, Plaintiff-Appellees,
v.
H.A. WHEELER, Jr.; T.E. Efird; Edwin D. Griffith; Ivan
Tufty, Defendants & Third-Party Plaintiff-Appellants,
O. Bruton SMITH; Lone Star Ford, Inc.; Charles A. West;
Charlotte Motor Speedway, Inc., (the successor
corp.), Defendants & Third-Party Plaintiffs,
v.
CHARLOTTE MOTOR SPEEDWAY, INC., (the merged corp.),
Third-Party Defendant-Appellant.
 Nos. 86-3073, 86-3074.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1986.
Decided Sept. 16, 1986.
 
 William Edward Poe, Fred Templeton Lowrance, David N. Allen, Parker, Poe, Thompson, Gage & Preston, for appellants in Number 86-3073.
 H. Morris Caddell, Jr., Bailey, Patterson, Caddell & Bailey, P.A., for appellants in Number 86-3074.
 A. Ward McKeithen, Dan T. Coenen, David C. Wright, Robinson, Bradshaw & Hinson, P.A.; Douglas A. Brackett, R. Craig Miller, Dozier, Brackett, Miller, Pollard & Murphy, for appellees.
 W.D.N.C., 634 F.Supp. 326
 DISMISSED.
 Before HALL, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This matter is before the Court on plaintiff-appellees' motion to dismiss these appeals filed by the corporate and individual defendants. The appellees have alleged that the appeals should be dismissed because they are interlocutory and frivolous; the appellees have also moved for sanctions. We grant the appellees' motion to dismiss but decline to impose sanctions on the appellants because we are not convinced that the appeals were filed for an improper purpose.
 
 
 2
 Appellees filed their class action complaint in the district court seeking relief under Sections 10, 13 and 14 of the Securities Exchange Act, under the private damages section of the Racketeer Influenced and Corrupt Organizations Act and under state law governing the exercise of fiduciary duties. The action was based on an alleged "squeeze-out merger" of Charlotte Motor Speedway, Inc. ("Speedway") into a successor corporation controlled by one of the individual defendants. The initial complaint was filed by seventeen former Speedway minority shareholders who also filed dissent and appraisal petitions in state court pursuant to N.C. Gen. Stat. Sec. 55-113. Subsequent to the filing of the federal complaint, four additional former Speedway shareholders moved to intervene in the federal action. These four shareholders had not filed dissent and appraisal petitions in state court.
 
 
 3
 The defendants opposed class certification, opposed intervention by the additional plaintiffs and moved the district court to dismiss the action or, alternatively, to stay the federal proceedings. The motion to dismiss or for a stay was based on defendants' assertion that the state dissent and appraisal procedure was the exclusive remedy for aggrieved shareholders and that plaintiffs had made an election of remedies that precluded the federal action. The district court, after briefing and argument, issued a detailed order denying the motion to dismiss or for a stay, allowed the intervention by the additional plaintiffs and conditionally certified a class of all persons allegedly "squeezed out" by the Speedway merger. The defendants moved the district court to certify an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). The district court, stating that it "does not believe that its ... Order involves controlling questions of law as to which exist substantial grounds for differences of opinions," denied the motion and these appeals followed.
 
 
 4
 The thrust of the defendants' assertion in this Court is that the district court's order is currently reviewable as a collateral order. In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), the Supreme Court set forth the "collateral order doctrine" providing for appellate review of a small class of interlocutory district court orders. In permitting the appeal, the Court stated that the order at issue
 
 
 5
 appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.
 
 
 6
 337 U.S. at 546. This doctrine continues to be a narrow exception to the provisions of 28 U.S.C. Sec. 1291 within which the instant order does not fit.
 
 
 7
 Accordingly, because the dispositive issues recently have been decided authoritatively, we grant the appellees' motion and dismiss the appeals. We dispense with oral argument because it would not significantly aid the decisional process.
 
 
 8
 DISMISSED.